IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| IRMA ORIVE, Individually, as Heir at Law, and as Representative of the Estate of RICARDO MARCOS, Deceased, and ALEXANDRA MARCOS LOPEZ<br><br>v.<br><br>HYUNDAI TRANSLEAD | § § § § § § § § § § § | CIVIL ACTION NO. 7:18-cv-000230<br>JURY |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, Irma Orive, Individually, as Heir at Law, and as Representative of the Estate of Ricardo Marcos, Deceased, and Alexandra Marcos Lopez, Plaintiffs, by and through their undersigned counsel, complaining of Hyundai Translead, Defendant, and for cause of action would respectfully show the Court as follows:

### PARTIES

1. Plaintiff Irma Orive is an individual and resident of Texas. She is also acting on behalf of the Estate of Ricardo Marcos, her deceased husband. No administration of the estate is pending and none is necessary. Further, no administrator has been appointed in this action.

2. Plaintiff Alexandra Marcos Lopez is an individual and resident of Peru.

3. Defendant Hyundai Translead is a California corporation doing business in Texas. Said Defendant has appeared and answered herein. Although the police report in this case identifies the defective trailer involved in this crash and subject to this suit as Utility Trailer

1



Manufacturing Company, the Vehicle Identification Number ("VIN") indicates that the defective trailer was actually designed, manufactured, assembled, marketed and sold by Hyundai Translead.

## JURISDICTION AND VENUE

4. This is both a negligence action and a product defect case arising out of a vehicular crash that occurred in the Southern District of Texas where one Plaintiff also resides.

5. The Defendant has its principal places of business in states other than Texas. Jurisdiction, therefore, attaches pursuant to 28 U.S.C. §1332 since there is diversity of parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

## BACKGROUND AND NATURE OF THE CASE

6. Plaintiffs seek monetary relief over $1,000,000.00 and a demand for judgment for all other relief to which Plaintiffs may be entitled in this negligence and product defect case.

7. On December 1, 2017, there was a traffic fatality on E. Military Highway in Hidalgo, County, Texas. The crash involved a 2013 Hyundai Elantra and a trailer designed, manufactured and marketed by Defendant Hyundai Translead. During the crash, the Elantra driver, Ricardo Marcos, suffered enhanced and - ultimately - fatal injuries because the trailer did not protect against the risk of passenger car underride at the side of the trailer.

8. The trailer involved in the crash was defectively designed in that it exposed motorists to an underride hazard in the event of a side impact accident. This defect was not a cause of the collision, but it was the producing cause of the death of Ricardo Marcos.

9. Plaintiffs seek redress from Defendant for the death of Ricardo Marcos which was caused by the side underride hazard and design defect in the trailer.

## CAUSES OF ACTION

### I. Strict Products Liability: Defendant Hyundai Translead

10. Plaintiffs reiterate and incorporate by reference the foregoing allegations.

11. This is, in part, a product defect case with respect to the 2014 trailer that was involved in the crash ("the trailer").

12. The trailer was designed, manufactured, assembled, marketed and sold by Defendant Hyundai Translead. The design, manufacturing and marketing defects enhanced the injuries from the accident and these defects were a producing cause of the death of Ricardo Marcos.

13. The trailer was defectively designed, manufactured, assembled, marketed and sold by Defendant Hyundai Translead in that it lacked side underride guards, a feature proven effective in preventing the catastrophic and often fatal injuries to occupants of a passenger vehicle from sliding beneath the side of a trailer.

14. At the time the trailer left the control of Defendant Hyundai Translead, there were safer alternative designs other than those of the trailer. The safer alternative designs would have either prevented or significantly reduced the risk of such side underride crash injuries without substantially impairing the utility of the trailer, and the safer alternative designs were economically and technologically feasible at all times relevant.

15. Based on the foregoing, Defendant Hyundai Translead is strictly liable for the death of Ricardo Marcos and damages sought by Plaintiffs herein.

### II. Negligence of Defendant Hyundai Translead

16. Plaintiffs reiterate and incorporate by reference the foregoing allegations.

3

17. Plaintiffs allege that the fatal injuries, death of Ricardo Marcos and their damages were proximately caused by the negligence of Defendant Hyundai Translead .

18. Plaintiffs allege that Defendant Hyundai Translead was negligent in designing, manufacturing, assembling, marketing and selling the trailer without side underride guards.

19. Plaintiffs allege that Defendant Hyundai Translead was negligent in choosing to disregard and ignore generally accepted principles of hazard control ("design, guard and warn").

20. Plaintiffs allege that Defendant Hyundai Translead was negligent in choosing to disregard and ignore its obligation to hold the safety of the public paramount.

21. The above negligent acts and/or omissions on the part of Defendant Hyundai Translead, singularly and cumulatively, were a proximate cause of the injuries and damages to Plaintiffs as set forth herein.

### III. Gross Negligence of Defendant Hyundai Translead

22. Plaintiffs reiterate and incorporate by reference the foregoing allegations.

23. Plaintiffs further allege that the conduct of Defendant Hyundai Translead as described above constitutes gross negligence and malice, as those terms are defined by Texas law. That is, when viewed objectively from the standpoint of Defendant Hyundai Translead, such acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Hyundai Translead had actual, subjective awareness of the risk involved, but nevertheless proceeded with a conscious indifference to the rights, safety and welfare of others. As such, Plaintiffs are entitled to recover exemplary/punitive damages as allowed by law for this conduct.

## DAMAGES

24. Plaintiffs reiterate and incorporate by reference the foregoing allegations.

25. The negligent and grossly negligent acts and/or omissions of Hyundai Translead as described above and the defective trailer were a producing and proximate cause of the death of Ricardo Marcos and of Plaintiffs' damages.

26. Plaintiffs seek all elements of actual damages recoverable by law.

27. Irma Orive, as the surviving wife of Ricardo Marcos, seeks wrongful death damages in amounts the jury deems to be fair and reasonable consisting of past and future pecuniary loss, past and future loss of companionship and society, and past and future mental anguish.

28. Alexandra Marcos Lopez, as the surviving daughter of Ricardo Marcos, seeks wrongful death damages in amounts the jury deems to be fair and reasonable consisting of past and future pecuniary loss, past and future loss of companionship and society, and past and future mental anguish.

29. Plaintiffs also seek exemplary/punitive damages as a result of the gross negligence described above, and if the jury so finds, Plaintiffs seek an amount the jury deems to be fair and reasonable.

30. Plaintiffs also seek recovery for all costs of court and pre-judgment and post-judgment interest in the maximum amount allowed by law.

## JURY DEMAND

31. Plaintiffs respectfully request a trial by jury.

## PRAYER

32. Plaintiffs pray that the Defendant be cited to appear herein and answer, and upon final hearing, they be awarded a judgment against the Defendant, jointly and severally, for their actual or compensatory damages (past and future) as set forth above and/or to the fullest extent allowed by law and which the jury deems to be fair and reasonable; exemplary damages as described above in an amount the jury deems to be fair and reasonable; costs of court; pre-judgment interest; post-judgment interest at the highest lawful rate until the judgment is satisfied in full; and for any and all other relief, at law and in equity, which the jury deems to be fair and reasonable, and to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

THE AMMONS LAW FIRM, L.L.P.

_____
Robert E. Ammons
Texas State Bar No. 01159820
Federal Bar No. 11742
Andrea Zarikian
Texas State Bar No. 24093411
Federal Bar No. 2639709
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:   (713) 523-1606
Facsimile:   (713) 523-4159
E-mail:   rob@ammonslaw.com
E-mail:   andrea@ammonslaw.com
E-mail:   joy@ammonslaw.com

and

Eric S. Jarvis
Texas State Bar No. 24012902
Federal Bar No. 29037
Law Offices of Eric S. Jarvis, PC
5804 N. 23rd Street
McAllen, Texas 78504
Telephone: (956) 618-3211
Facsimile: (956) 687-4001
Email: ericjarvislaw@gmail.com

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for the parties named herein, and they have indicated that they agree to entry of Plaintiffs' First Amended Complaint.

_____
ROBERT E. AMMONS/ANDREA A. ZARIKIAN

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 11th day of March, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Charlie J. Cilfone
Lewin Plunkett
Whitley B. Zachary
PLUNKETT, GRIESENBECK & MIMARI, INC.
1635 N.E. Loop 410, Suite 900
San Antonio, Texas 78209
E-mail: CJCilfone@pg-law.com
E-mail: Lplunkett@pg-law.com
E-mail: Wzachary@pg-law.com

Douglas E. Chaves
Aidan Perales
Chaves, Obregon & Perales, LLP
802 N. Carancahua Street, Suite 2100
Corpus Christi, Texas 78470
E-mail: cchaves@crrlawfirm.com
E-mail: aperales@crrlawfirm.com

_____
ROBERT E. AMMONS/ANDREA A. ZARIKIAN